NOT DESIGNATED FOR PUBLICATION

No. 121,088

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JIMMIE JEROME SIMPSON II,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed December 6, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM:  Jimmie Jerome Simpson II appeals the district court's denial of his request for a downward dispositional departure. We granted Simpson's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Finding no error, we affirm the district court.

Pursuant to a plea agreement, Simpson pled guilty to a total of six counts, including two counts of possession of 25 to 450 grams of marijuana with intent to sell; one count of unlawful plan to transmit less than $5,000 in proceeds derived from drugs; one count of possession of drug paraphernalia with intent to manufacture, plant, or cultivate a controlled substance; one count of possession of drug paraphernalia with intent to distribute; and one count of theft. In exchange for his plea, the State agreed to

1

recommend that Simpson be sentenced to the standard prison sentences, with each count running concurrently. The State also agreed it would not seek to invoke a special rule that would require counts five and six to run consecutive to counts one through four. The plea agreement provided that Simpson was free to argue for a downward dispositional departure, which the State was free to oppose. Simpson's presentence investigation report calculated his criminal history score as an H, giving him a presumptive prison sentence range of 49, 51, or 54 months for his primary offense.

Before sentencing, Simpson filed a motion for a downward dispositional departure, arguing, among other things, that such a departure was justified by his lack of significant criminal history and his continued employment and support of his children.

At sentencing, Simpson again requested a downward dispositional departure and reiterated the arguments and reasoning from his motion. The State opposed that request and instead asked the district court to sentence Simpson to the standard prison sentences with each count running concurrently as contemplated by the plea agreement. After considering the arguments, the district court denied Simpson's request for a downward dispositional departure but granted a downward durational departure to 30 months in prison. The district court cited Simpson's lack of criminal history and his improvement during the pendency of the case as its justification for that departure.

Simpson's sole argument on appeal is that the district court abused its discretion in declining to grant him a downward dispositional departure. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Simpson bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Simpson claims that the district court should have used the same substantial and compelling reasons it used to impose a downward durational departure to instead grant him a downward dispositional departure. Under K.S.A. 2018 Supp. 21-6815(a), a sentencing judge shall impose the presumptive sentence under the sentencing guidelines "unless the judge finds substantial and compelling reasons to impose a departure." If the district judge decides to depart, he or she must "state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 2018 Supp. 21-6815(a).

Here, the record is clear that the district court took Simpson's arguments into account when making its decision to depart durationally. Indeed, the district court specifically cited to Simpson's lack of criminal history and his efforts to improve himself while the case was pending when discussing its reasoning for granting him a downward durational departure. But the district court also discussed the reasons why it was rejecting Simpson's request for a downward dispositional departure. Those included the number of charges involved in this case, the fact that there was a weapon and children in the house at the time of Simpson's arrest, and the general fact that those who deal in the sale and distribution of drugs put other people's lives at risk. The district court therefore concluded that it could not in good conscience find that the interest and protection of society would be served by granting Simpson a downward dispositional departure.

Simpson fails to persuade us that no reasonable person would have taken the view of the district court. We conclude the district court did not abuse its discretion in denying Simpson's request for a dispositional departure. See *Ingham*, 308 Kan. at 1469.

Affirmed.